# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, MML INVESTORS SERVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES WENZL, <br><br> Defendant. | Case No.: 2:10-cv-01565-RLH-RJJ <br><br> **O R D E R** <br><br> (Motion for Temporary Restraining Order and Preliminary Injunction–#4) |

    Before the Court is Plaintiff Massachusetts Mutual Life Insurance Company and Investors Services, Inc.'s (collectively MassMutual) **Motion for Temporary Restraining Order and Preliminary Injunction** (#4), filed September 14, 2010. Plaintiff filed this motion *ex parte*.

## BACKGROUND

    This dispute arises from an alleged breach of contract. MassMutual, a Massachusetts corporation, alleges the following facts. MassMutual is an insurance company. Defendant James Wenzl is a Nevada resident who used to work for MassMutual but was recently fired. In June 2008, Wenzl entered into a contract with MassMutual to become a general agent for

/

1

MassMutual. In so doing, Wenzl entered into the confidentiality and non-solicitation agreements contained within the larger general agent contract.

On August 16, 2010, Wenzl was given oral notice of his termination which was followed eight days later by written notice on August 24. At some point in between the oral and written firing, MassMutual apparently doesn't know when, Wenzl removed private financial information regarding MassMutual's clients from his office. This included names, addresses, phone numbers, and, more importantly, social security numbers of MassMutual clientele. Further, Wenzl removed MassMutual funds from his Agency Operations Account both immediately prior to being terminated and immediately thereafter. Wenzl has not returned these funds. MassMutual further alleges that Wenzl improperly used money in the Agency Operations Account for personal expenses without making the required reimbursements to the account. Finally, MassMutual alleges that Wenzl is currently denying it access to an Agency Housing Account which contains money belonging to MassMutual. MassMutual fears Wenzl will improperly take money from this account.

On September 13, 2010, MassMutual filed suit against Wenzl in this Court alleging (1) breach of contract, (2) conversion, (3) fraud, and (4) breach of fiduciary duty. MassMutual also made a separate claim for a preliminary injunction, a remedy. On September 14, 2010, MassMutual filed the present motion for a TRO. For the reasons discussed below, the Court denies MassMutual's motion.

**DISCUSSION**

The standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The Court will only issue an ex parte TRO where it appears there would be an irreparable injury before the responding party can be heard. Fed. R. Civ. P. 65(b)(1)(A). In reality, a TRO is a temporary preliminary injunction issued for a limited period of time until the time when the opposing party has an opportunity to be heard. Rule 65's stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the

notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974). Thus, the central issue for an ex parte TRO motion is whether something needs to be done immediately, before a hearing can be held.

The Court finds that MassMutual has not demonstrated the necessary elements for a TRO because it has not demonstrated irreparable harm or need for immediate action before Wenzl is given notice and an opportunity to respond. MassMutual argues that they will suffer irreparable harm to reputation if Wenzl discloses the confidential information that he obtained from MassMutual. However, MassMutual has not shown that Wenzl has in fact disclosed anything nor that he plans to do so. MassMutual merely speculates that he will disclose this information without providing supporting evidence of intent or likelihood. Further MassMutual argues that it will be irreparably harmed if they do not gain immediate access to certain bank accounts because Wenzl might withdraw funds. This is not a matter requiring immediate, *ex parte* attention and if he does, money damages would be sufficient.

MassMutual further argues that a temporary restraining order should issue because Wenzl contractually agreed to have a TRO issued against him if MassMutual believed he was about to breach his contract. (Dkt. #4.) MassMutual does not cite to any law for this proposition. It appears true that Wenzl consented to the issuance of a temporary restraining order but this Court did not and the legal standard for issuing a TRO remains the same regardless of MassMutual's contract. Since MassMutual has not shown that it needs a TRO before notice and a hearing, issuance would be improper.

/
/
/
/
/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#4) is DENIED.

Dated: September 15, 2010

_____
ROGER L. HUNT
Chief United States District Judge